**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEJANDRO VINCENTE PEREZ and CATHLEEN HANENBERG PEREZ, <br><br> Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., et al., <br><br> Defendants. | Civil Action No.: 14-2279 (CCC) <br><br><br> **OPINION** |

**CECCHI, District Judge.**

**I.     INTRODUCTION**

This matter comes before the Court by way of the motion of defendants JPMorgan Chase Bank, N.A. ("Chase"), Federal National Mortgage Association ("Fannie Mae"),[1] and Fannie Mae-Remic Trust 2008-14 (collectively with Chase and Fannie Mae, "Defendants") to dismiss the Fifth Amended Complaint of plaintiffs Alejandro Vincente Perez and Cathleen Hanenberg Perez ("Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 18. Plaintiffs oppose the motion. ECF No. 20. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motion to dismiss is granted.

---

[1] Defendants contend the Complaint improperly named Chase as Chase Home Finance LLC, see Def. Br. in Support, ECF No. 18-1, at 1 n.1, and Federal National Mortgage Association by its common name, "Fannie Mae," see id. at 1. Those distinctions are of no consequence here.

## II. BACKGROUND

The following facts are accepted as true for purposes of the instant motion. Plaintiffs are the owners of the subject property located at 236 Mabel Ann Avenue, Franklin Lakes, New Jersey (the "Property"). See Fifth Amended Complaint ("Compl."), ECF No. 16, ¶ 16. On or about January 25, 2008, Plaintiffs executed a note in the amount of $417,000 to Chase (the "Note"). See Certification of Joseph P. Lemkin, ("Lemkin Cert."), Ex. A;[2] Compl. Ex. 1 at 12. On that same date, Plaintiffs executed a mortgage securing the Note in favor of Chase (the "Mortgage"). See Lemkin Cert. Ex. B; Compl. Ex. 1 at 12. Fannie Mae serves as trustee for the trust that currently owns Plaintiffs' Note and Mortgage. Compl. ¶ 12.

In 2009, Plaintiffs "faced a financial hardship [that] caus[ed] them to fall behind on their Mortgage payments." Compl. ¶ 20. Plaintiffs do not allege, however, that the Mortgage is in default or that Defendants have initiated foreclosure proceedings.

On December 30, 2011, Plaintiffs filed an adversary action (the "adversary proceeding") in the United States Bankruptcy Court for the District of New Jersey against Defendant Chase and Phelan Hallinan & Schmeig, LLP ("Phelan"), a law firm.[3] See Lemkin Cert. Ex. C; ECF No. 6. On April 9, 2014, Plaintiffs moved to withdraw the adversary proceeding to this Court. See ECF No. 1. Magistrate Judge Falk granted Plaintiffs' motion on March 17, 2015. ECF No. 6.

---

[2] On consideration of a motion to dismiss, this Court may consider the allegations in the complaint, any exhibits attached to the complaint, matters of public record, and documents upon which the Complaint is based. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Here, Plaintiffs' Complaint contesting the assignment and ownership of their Mortgage and Note is based in part on the copies of the Mortgage and Note attached to the Lemkin Cert. Plaintiffs do not contest the validity of those documents.

[3] Phelan is not named as a defendant in Plaintiffs' Fifth Amended Complaint and was terminated from this action on April 30, 2015. See generally Compl.

Subsequently, Plaintiffs filed Third and Fourth Amended Complaints. See ECF Nos. 7, 11. On June 1, 2015, Judge Falk granted Plaintiffs leave to amend their complaint. See ECF No. 15.

On June 5, 2015, Plaintiffs filed a Fifth Amended Complaint,[4] asserting claims for: Violation of the Truth in Lending Act ("TILA") and the Home Ownership and Equity Protection Act ("HOEPA") (Count I); Violation of the Real Estate Settlement Procedures Act ("RESPA") (Count II); Violation of the Fair Debt Collection Practices Act ("FDCPA") (Count III); Fraudulent Concealment (Count IV); Fraudulent Inducement (Count V); Rescission (Count VI); Slander of Title (Count VII); Quiet Title (Count VIII); Declaratory Judgment (Count IX); and Intentional Infliction of Emotional Distress (Count X). See Compl. ¶¶ 96-228. Plaintiffs seek damages and declaratory relief. Id. ¶¶ 63-68. On July 10, 2015, Defendants moved to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6). See ECF No. 18.

### III. LEGAL STANDARD

#### A. Dismissal Pursuant to Federal Rule of Procedure 12(b)(1)

A court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) if the court determines that it lacks subject-matter jurisdiction over a claim. In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). An attack on subject matter jurisdiction can be either facial—based solely on the allegations in the complaint—or factual—looking beyond the allegations to attack jurisdiction in fact. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977). Where, as here, the challenge to subject

---

[4] An amended complaint "supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank, 712 F.3d 165, 171 (3d Cir. 2013) (citing New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1504 (3d Cir. 1996)). Plaintiffs' Fifth Amended Complaint does not explicitly adopt earlier pleadings.

matter jurisdiction is facial, the Court must, for the purposes of this motion, take all the allegations in the complaint to be true and construe them in the light most favorable to the Plaintiffs. Johnson v. Novastar Mortgage, Inc., 698 F. Supp. 2d 463, 467 (D.N.J. 2010).

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Lance v. Coffman, 549 U.S. 437, 439 (2007); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). One key aspect of this case-or-controversy requirement is standing. See Lance, 549 U.S. at 439. "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." Constitution Party of Pennsylvania, 757 F.3d 347, 360 (3d Cir. 2014) (citing Davis v. FEC, 554 U.S. 724, 734 (2008)).

To establish standing, a plaintiff must satisfy a three-part test, showing: "(1) an 'injury in fact,' i.e., an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, i.e., traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court." Nat'l Collegiate Athletic Ass'n v. Gov. of N.J., 730 F.3d 208, 218 (3d. Cir. 2013) (citing Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009)). "The party invoking federal jurisdiction bears the burden of establishing these elements." Lujan, 504 U.S. at 561.

### B. Dismissal Pursuant to Federal Rule of Procedure 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 545 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

A court may dismiss a claim with prejudice if amendment would be futile. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Id. (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).

IV. **DISCUSSION**

Defendants urge this Court to dismiss Plaintiffs' Complaint because Plaintiffs' claims fail for lack of standing or, in the alternative, because their claims are time barred[5] or otherwise fail to

---

[5] "[A] limitations defense [may] be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the

5

state a claim on which relief can be granted. See Pl. Br. in Support, ECF No. 18-1, at 6-8. As a preliminary jurisdictional matter, the Court addresses Defendants' contention that Plaintiffs lack standing to bring any of their claims. Courts in the Third Circuit have repeatedly held mortgagors lack standing to contest the assignment of their mortgages or notes or violations of the pooling and servicing agreement ("PSA")[6] where plaintiffs are not parties to or third-party beneficiaries of the PSA or assignment. See Bauer v. Mortg. Elec. Registration Sys., Inc., 618 Fed. App'x 147, 149 (3d Cir. 2015); Pillitteri, 2015 WL 790633, at *4; Eun Ju Song v. Bank of Am., N.A., No. 2:14-3204, 2015 WL 248436, at *2 (D.N.J. Jan. 20, 2015); Oliver v. Bank of Am., N.A., No. 2:13-4888, 2014 WL 1429605, at *3 (D.N.J. Apr. 14, 2014); Schiano v. MBNA, No. 2:05-1771, 2013 WL 2452681, at *26 (D.N.J. Feb. 11, 2013); Grullon v. Bank of Am., N.A., No. 2:10-5427, 2013 WL 9681040, at *12 (D.N.J. Mar. 28, 2013). Plaintiffs do not claim they are parties to or third-party beneficiaries of the PSA or assignments of their Note or Mortgage. Accordingly, the Court finds Plaintiffs lack standing to bring claims on those bases. Nevertheless, because the Court does not find that Plaintiffs' claims rest solely on those bases, the Court will also analyze each of Plaintiffs' claims pursuant to Federal Rule of Procedure 12(b)(6).

### A. Violation of TILA and HOEPA (Count I)

Plaintiffs seek damages for Defendants' alleged failure to provide Plaintiffs with certain unspecified disclosures, in violation of TILA and HOEPA.[7] Compl. ¶ 98. Claims for damages

---

statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir.2002) (internal quotation marks omitted). Here, the Court considers Defendants' limitations defenses only where the bar is apparent on the face of the Complaint and the documents attached thereto.

[6] PSAs are contracts governing the process by which loans are securitized. See Compl. ¶¶ 45-46.

[7] Under Count I of the Complaint, Plaintiffs also allege Defendants failed to respond to the qualified written requests ("QWRs") Plaintiffs sent Defendants. See Compl. ¶ 101-102. HOEPA and TILA do not address QWRs, but RESPA does. See 12 U.S.C. § 2605(e)(1). Accordingly, the Court will evaluate Plaintiffs' claims regarding QWRs under Count II.

6

under TILA and HOEPA "must be brought within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); see also Galayda v. Wachovia Mortgage, FSB, No. CIV.A. 10-1065 FLW, 2010 WL 5392743, at *6 (D.N.J. Dec. 22, 2010). Plaintiffs do not contest that this action was brought beyond the limitations period but instead request equitable tolling of the limitations period "due to [D]efendant[s'] failure to effectively provide [P]laintiff[s] with the indispensable, mandatory, disclosures and [n]otices." Compl. ¶ 99. Equitable tolling may be warranted in three circumstances: (1) where a defendant actively misleads a plaintiff with respect to the plaintiff's cause of action; (2) where the plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts the claim in a timely manner but has done so in the wrong forum. See Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000) (citation omitted).

Here, Plaintiffs allege no facts suggesting Defendants actively concealed a violation of HOEPA or TILA, that extenuating circumstances prevented Plaintiffs from bringing their TILA or HOEPA claims, or that Plaintiffs timely but mistakenly asserted those claims in the wrong forum. Accordingly, Count I fails to state a claim for damages under HOEPA or TILA and the Court will dismiss Count I with prejudice.

### B. Violation of RESPA (Count II)

Plaintiffs also seek damages for Defendants' alleged violation of RESPA. Plaintiffs contend Defendants violated RESPA because they gained unearned "interest and income," Compl. ¶ 114, failed to disclose "fee agreements," Compl. ¶ 115, and failed to respond to Plaintiffs' communications regarding their loan, see Compl. ¶¶ 118-120. Section 2607 of RESPA ("section 2607") prohibits unearned fees in mortgage loan transactions and settlement services. See 12 U.S.C § 2607. Section 2605 ("section 2605") of RESPA requires mortgage servicers to respond

7

to certain communications from a borrower. See 12 U.S.C. §2605(a)-(c). The Court will address Plaintiff's claims under each of these sections in turn.

### 1. Violation of Section 2607

Plaintiffs' claims under section 2607 are time barred. Claims under section 2607 may be brought within one year of the "date of the occurrence of the alleged violation." 12 U.S.C. § 2614. The "date of the occurrence" refers to the date of the loan's closing. See In re Cmty. Bank of N. Virginia, 622 F.3d 275, 281 (3d Cir. 2010); Snow v. First Am. Title Ins. Co., 332 F.3d 356, 359 (5th Cir. 2003). Here, Plaintiffs' loan closed on or about January 25, 2008 and Plaintiffs filed the instant action on December 30, 2011. Even assuming arguendo Plaintiffs' section 2607 claims relate back to Plaintiffs' original complaint, those claims were filed over three years beyond the limitations period. Moreover, this Court finds Plaintiffs are not entitled to equitable tolling because the Complaint states no facts indicating Plaintiffs were prevented from timely asserting their claims under section 2607. Accordingly, the Court will dismiss Plaintiffs' claims under section 2607 with prejudice.

### 2. Violation of Section 2605

Section 2605 requires loan servicers to respond to a borrower's qualified written request ("QWR"), defined as correspondence that identifies a borrower's account and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii). In order to state a claim for failure to respond to a QWR, a plaintiff must plead sufficient facts "support[ing] the reasonable inference that" the plaintiff sent "a proper [QWR]" to the defendant. Tredo v. Ocwen Loan Servicing, LLC, No. CIV.A. 14-3013 JLL, 2014 WL 5092741, at *9.

Plaintiffs assert Defendants failed to respond adequately to five "QWRs" and two "'Loan History' requests" Plaintiffs made. Compl. ¶¶ 101-102, 118-19. Plaintiffs' conclusory assertion that the correspondences were QWRs, offered without further factual delineation, is insufficient to state a claim for relief. See Andujar v. Deutsche Bank Nat. Trust Co., No. CIV.A. 14-7836, 2015 WL 4094637, at *8 (D.N.J. July 7, 2015) (dismissing RESPA claims where the complaint merely stated a "bare invocation of the legal standard without factual support"); Tredo v. Ocwen Loan Servicing, LLC, No. CIV.A. 14-3013 JLL, 2014 WL 5092741, at *9 (D.N.J. Oct. 10, 2014) ("Moreover, Tredo's RESPA claim should be dismissed because Plaintiffs do not set forth any facts that support the reasonable inference that Tredo sent a proper Qualified Written Request to Defendant."); Franklin v. Fin. Freedom Acquisition, LLC, No. CIV. 12-7884 RBK/JS, 2014 WL 1316093, at *6 (D.N.J. Apr. 1, 2014) ("Thus, in addition to the three-year time bar, the Court finds that the qualified written request allegation fails because it is nothing more than a threadbare conclusion that a violation has occurred." (citing Iqbal, 556 U.S. at 678)); O'Connor v. First All. Home Mortgage, No. CIV.A. 12-111 SRC, 2012 WL 762351, at *2 (D.N.J. Mar. 6, 2012) ("The Complaint does not allege that the letter requested information relating to the servicing of the loan .... The RESPA claim, in short, is pled in the conclusory manner Iqbal and Twombly have made clear will not pass muster under Rule 8(a)."). Moreover, RESPA requires only that mortgage servicers respond to correspondences that qualify as QWRs; it contains no provision regarding "Loan History Requests." See 12 U.S.C. § 2605(e). Accordingly, Plaintiffs fail to state a claim under section 2605. To the extent Plaintiffs can cure these defects by way of amendment, the Court will dismiss Plaintiffs' claims under section 2605 without prejudice.

### C. Violation of the FDCPA (Count III)

The FDCPA prohibits the use of abusive, deceptive, and unfair debt collection practices by debt collectors. See 15 U.S.C. § 1692(a); English v. Fed. Nat. Mortgage Ass'n, No. CIV.A. 13-2028 CCC, 2013 WL 6188572, at *7 (D.N.J. Nov. 26, 2013). To state a claim under the FDCPA, a plaintiff must show the defendant is a "debt collector" as the FDCPA defines that term. See English, 2013 WL 6188572, at *8. A defendant is not a debt collector under the FDCPA if its activities "concern[] a debt which was not in default at the time it was obtained" by the defendant. 15 U.S.C. § 1692a(6)(F)(iii); see also English, 2013 WL 6188572, at *7 ("The Third Circuit has indicated that an assignee of an obligation is not a 'debt collector' if the obligation is not in default at the time of the assignment." (citing Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir.2000))); Schiano v. MBNA, No. 05–1771, 2013 WL 2452681, at *12-13 (D.N.J. Feb.11, 2013) (finding mortgage servicers are exempt from the FDCPA if the mortgage was not in default at the time they began servicing the loan). Additionally, creditors, who collect debts on their own behalf, are generally not debt collectors under the FDCPA. See Pollice, 225 F.3d at 403 (citing Staub v. Harris, 626 F.2d 275, 277 (3d Cir. 1980)).

Here, Plaintiffs allege Chase is a "'Debt Collector' as that term is defined by the [FDCPA]." Compl. ¶ 8. However, that formulaic assertion is insufficient to state a claim because Plaintiffs do not allege their loan obligation was in default when Chase acquired it. See, e.g., DeFazio v. Leading Edge Recovery Sols., LLC, No. 2:10-CV-02945-WJM-MF, 2010 WL 5146765, at *2 (D.N.J. Dec. 13, 2010) (dismissing complaint that stated defendant was a "debt collector" where complaint failed to allege plaintiffs' debt was already in default when defendant obtained it); Siwulec v. Chase Home Fin., LLC, No. CIV.A. 10-1875, 2010 WL 5071353, at *4-6 (D.N.J. Dec. 7, 2010) (dismissing complaint that merely "ma[de] unsupported legal

10

conclusions that Chase is a debt collector under the FDCPA" and did not allege the debt was in default when Chase obtained it). In addition, the Complaint does not state facts supporting an inference Chase sought to collect a debt on behalf of another. See Staub, 626 F.2d at 277 ("The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf."). Finally, although Plaintiffs purport to bring their FDCPA claim against all Defendants, they fail to allege any Defendant other than Chase is a debt collector. Accordingly, Plaintiffs' FDCPA claim fails to state a claim for relief and will be dismissed with prejudice.

### D. Fraudulent Concealment (Count IV) and Fraudulent Inducement (Count V)

To state a claim for fraud, the plaintiff must plead "(1) [a] specific false representation of material facts; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) the plaintiff acted upon it to his damage." Hemphill v. Meyerson, 65 Fed. App'x 776, 778-79 (3d Cir. 2003) (citation omitted); Christidis v. First Pa. Mortg. Trust, 717 F.2d 96, 99 (3d Cir. 1983). "The complaint must describe the circumstances of the fraudulent representation of material facts, identifying factual details, such as the 'who, what, when, where and how of the events at issue.'" Gonzalez, No. CIV.A. 14-7855, 2015 WL 3648984, at *10 (D.N.J. June 11, 2015) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1422 (3d Cir. 1997)). In addition, "[a] claim of fraudulent concealment requires a plaintiff to plead the existence of a duty to disclose." Id. (citation omitted).

Here, Plaintiffs state (1) Defendants knowingly concealed the securitization of Plaintiffs' loan with the intent to induce Plaintiffs to enter into the loan agreement with Defendants; (2) Plaintiffs entered into the loan agreement; and (3), as a result, Plaintiffs suffered economic and

11

emotional damage. See Compl ¶¶ 144-54. Plaintiffs also appear to allege Defendants misrepresented Defendants' interest in the Note and Mortgage. See Compl. ¶¶ 145-150.

These allegations, however, are insufficient to state a claim for fraud. As explained above, Plaintiffs lack standing to challenge the securitization or assignment of their loan. See Bauer v. Mortg. Elec. Registration Sys., Inc., 618 Fed. App'x 147, 149 (3d Cir. 2015); Pillitteri, 2015 WL 790633, at *4; Eun Ju Song v. Bank of Am., N.A., No. 2:14-3204, 2015 WL 248436, at *2 (D.N.J. Jan. 20, 2015); Oliver v. Bank of Am., N.A., No. 2:13-4888, 2014 WL 1429605, at *3 (D.N.J. Apr. 14, 2014); Schiano v. MBNA, No. 2:05-1771, 2013 WL 2452681, at *26 (D.N.J. Feb. 11, 2013); Grullon v. Bank of Am., N.A., No. 2:10-5427, 2013 WL 9681040, at *12 (D.N.J. Mar. 28, 2013).

Moreover, Plaintiffs do not plead their fraud claim with the requisite particularity. They fail to "identify how any alleged facts were concealed, the nature of any specific representation, or the nature of any Defendant's duty to disclose an intent to securitize a loan." Gonzalez, 2015 WL 3648984, at *10 (D.N.J. June 11, 2015) (dismissing fraud claim). Plaintiffs also fail to state which Defendant made the allegedly false statements and when, where, and to whom those statements were made. See In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1422.

In addition, because Plaintiffs' Note and Mortgage specifically authorize transfers, Plaintiffs cannot show Defendants actually concealed the fact their loan could be securitized or transferred. See Lemkin Cert. Ex. 3 at 1, Ex. 4 at 11; Coleman v. Deutsche Bank Nat. Trust Co., No. CIV.A. 15-1080 JLL, 2015 WL 2226022, at *8 (D.N.J. May 12, 2015) (dismissing fraud claim where the plaintiff's "Note and Mortgage specifically contemplate[d] the transfer of the Note"). Moreover, Plaintiffs do not state Defendants affirmatively misrepresented that the loan would never be transferred or securitized. See, e.g., Gonzalez, 2015 WL 3648984, at *10 (dismissing

fraud claim where the plaintiff claimed the defendants "concealed the fact that the [l]oans were securitized" but did not allege the defendants "affirmatively misrepresented whether the loan would be retained by the originator rather than securitized"). Accordingly, Plaintiffs' conclusory allegations fail to state a claim for fraud. To the extent Plaintiffs can cure these defects by way of amendment, the Court will dismiss Counts IV and V without prejudice.

### E. "Rescission" (Count VI)

Plaintiffs' claims for "rescission" fail to state a claim for relief. Rescission is an equitable remedy "only available in the context of an appropriate substantive equitable claim," not an independent cause of action. Hoke, Inc. v. Cullinet Software, Inc., No. CIV. 89-1319 (HLS), 1992 WL 106784, at *2 (D.N.J. Apr. 28, 1992). Plaintiffs claim their Mortgage loan should be rescinded due to Defendants' alleged: (1) TILA violations; (2) failure to provide a mortgage loan origination agreement; (3) fraudulent concealment; (4) fraudulent inducement; (5) failure to adhere to the PSA; (6) "illegal or [f]raudulent transfers" of the Note and Mortgage; and (7) violations of public policy. Compl. ¶ 156.

As stated above, Plaintiffs' fraud-based claims fail to state a claim for relief and Plaintiffs lack standing to bring claims against Defendants on the basis of Defendants' alleged violation of the PSA or assignment of the Note or Mortgage. See, e.g., Eun Ju Song, 2015 WL 248436, at *2 (D.N.J. Jan. 20, 2015); Schiano, 2013 WL 2452681, at *26 (D.N.J. Feb. 11, 2013). Accordingly, Plaintiffs' claims for rescission on those bases must be dismissed.

Plaintiffs' claims for rescission under TILA must also be dismissed because they are time barred. The right of rescission under TILA "expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first." Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 792 (2015) (quoting 15 U.S.C. § 1635(f)). That

three-year limitations period is not subject to equitable tolling. See Williams v. Wells Fargo Home Mortgage, Inc., 410 Fed. App'x 495, 499 (3d Cir. 2011). A borrower may effectuate the right to rescind by "notifying the creditor . . . of his intention to do so." Jesinoski, 135 S. Ct. at 792 (internal citation and quotation marks omitted).

Here, Plaintiffs executed the Note and Mortgage on January 25, 2008, see Lemkin Cert. Ex. A; Ex. B, and Plaintiffs do not allege Plaintiffs sold the Property. Plaintiffs therefore had until January 25, 2011 to effectuate their right to rescind by notifying Defendants. Because Plaintiffs do not claim they notified Defendants of their intention to rescind on or before that date, they fail to state a claim for rescission under TILA.

Plaintiffs' additional allegations regarding Defendants' failure to provide a mortgage loan origination agreement and violations of public policy are wholly conclusory and thus insufficient to state a claim. See Iqbal, 556 U.S. at 678. Nevertheless, to the extent Plaintiffs' rescission claim is based on fraud, that claim is dismissed without prejudice.

### F. Slander of Title (Count VII) and Intentional Infliction of Emotional Distress (Count X)

The economic loss doctrine, which "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract," bars Plaintiffs' claims for slander of title and intentional infliction of emotional distress. Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 618 (3d Cir. 1995). Here, these tort-based claims are rooted in the contractual relationship between the parties based upon the Note and Mortgage. See Coleman v. Deutsche Bank Nat. Trust Co., No. CIV.A. 15-1080 JLL, 2015 WL 2226022, at *4 (D.N.J. May 12, 2015) (dismissing claims for, inter alia, intentional infliction of emotional distress and slander of title in an action arising from a mortgage loan transaction because the economic loss

doctrine barred those claims). Accordingly, this Court dismisses Counts VII and X with prejudice for failure to state a claim for relief.

### G. Quiet Title (Count VIII)

New Jersey's quiet title statute allows a plaintiff to maintain an action to "clear up all doubts and disputes concerning" competing claims to land. N.J. Stat. Ann. § 2A:62-1. In accordance with the statute, a plaintiff should spell out the nature of the competing claims in her complaint. See Espinoza v. HSBC Bank, USA, Nat'l Ass'n, No. 12-4874, 2013 WL 1163506, at *3 (D.N.J. Mar. 19, 2013). In addition, a plaintiff must allege facts showing a defendant's competing interest is wrongful. See English v. Fed. Nat. Mortg. Ass'n, No. 13-2028, 2013 WL 6188572, at *3 (D.N.J. Nov. 26, 2013).

Here, Plaintiffs' quiet title claim appears to be based primarily on their contention that Defendants have no legal interest in the Property because Defendants violated the PSA or improperly assigned the Note and Mortgage. As such, their claim fails for lack of standing. See, e.g., Eun Ju Song v. Bank of Am., N.A., No. 2:14-3204, 2015 WL 248436, at *2 (D.N.J. Jan. 20, 2015); Schiano v. MBNA, No. 2:05-1771, 2013 WL 2452681, at *26 (D.N.J. Feb. 11, 2013). To the extent Plaintiffs seek to bring their quiet title claim on other grounds, the Court finds Plaintiffs fail, at minimum, to set forth facts supporting their contention that Defendants assert a competing interest in the Property; rather, "no party appears to be contesting the validity of Plaintiffs' mortgage except Plaintiffs themselves." Schiano, 2013 WL 2452681, at *26. Moreover, Plaintiffs fail "to allege how any perceived irregularities in the assignment between third parties could cloud title in the mortgage itself." Pillitteri v. First Horizon Home Loans, No. CIV.A. 14-03076 FLW, 2015 WL 790633, at *7 (D.N.J. Feb. 25, 2015) (quoting English, 2013 WL 6188572, at *3). Therefore, Plaintiffs have failed to state a claim for quiet title and this Court will dismiss Count

VIII with prejudice.

### H. Declaratory Judgment (Count IX)

Plaintiffs seek a judicial determination of (1) Defendants' rights regarding the Mortgage and Note; and (2) the validity of the Mortgage and the "Notice of Default." See Compl. ¶¶ 195-201. Because these allegations fail to state a cause of action against Defendants for declaratory and injunctive relief, the Court will dismiss these claims with prejudice.

Plaintiffs appear to allege that the Mortgage and Note are invalid because Defendants improperly assigned the Note. See Compl. ¶ 196. As discussed above, Plaintiffs lack standing to contest the assignments of the Note, and, as such, cannot bring an action for declaratory relief on that ground.

In addition, Plaintiffs are not entitled to declaratory relief under the Declaratory Judgment Act, which provides: "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Before a federal court may grant a declaratory judgment, there must be a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment." Andujar v. Deutsche Bank Nat. Trust Co., No. CIV.A. 14-7836, 2015 WL 4094637, at *3 (D.N.J. July 7, 2015) (quoting Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1170 (3d Cir. 1987) (internal quotation marks omitted)). "The fundamental test is whether the plaintiff seeks merely advice or whether a real question of conflicting legal interests is presented for judicial determination." Id.

Here, as there is no active foreclosure action, there is no immediate controversy for declaratory judgment. It is therefore premature for Plaintiffs to seek judicial determination of

Defendants' rights to ultimately initiate foreclosure. See Andujar, 2015 WL 4094637, at *3 (finding "Plaintiffs have not alleged an adverse legal interest of sufficient immediacy" where "Plaintiffs have not pled that Defendants have instituted foreclosure proceedings. Rather, they seek to preclude the possibility of a 'future foreclosure.'"). Moreover, Plaintiffs' "request for declaratory judgment is improper because the Complaint, on its face, does not present questions of conflicting legal interests. Rather, "it is an attempt by Plaintiffs to seek legal advice from the Court." Wong v. Wells Fargo Bank N.A., No. CV 14-5204 (CCC), 2015 WL 6164036, at *3 (D.N.J. Oct. 20, 2015).

### 3. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted. The Court dismisses the Complaint as to all Defendants because Plaintiffs have not stated a cognizable claim for relief as to any Defendant. The Court will dismiss Plaintiffs' claims with prejudice, with the exception of: (1) Plaintiffs' claim under section 2605 of RESPA; and (2) Plaintiffs' claims for fraudulent inducement and fraudulent concealment, including Plaintiffs' claim for "rescission" on the basis of fraud, which will be dismissed without prejudice. To the extent the defects in those claims can be cured by way of amendment, Plaintiffs are hereby granted thirty days to file an amended pleading. An appropriate Order accompanies this Opinion.

Dated: February 29, 2016

_____
**CLAIRE C. CECCHI, U.S.D.J.**