NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALEJANDRO VINCENTE PEREZ and CATHLEEN HANENBERG PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>Defendant. | Civil Action No.: 14-2279 (CCC-JBC)<br><br>OPINION |

**CECCHI, District Judge.**

**I.    INTRODUCTION**

This matter comes before the Court by way of defendant JP Morgan Chase Bank, N.A.'s ("Defendant" or "Chase") motion for abstention ("Motion for Abstention") (ECF No. 64), seeking dismissal of Plaintiffs' Sixth Amended Complaint (the "Complaint") (ECF No. 34), or in the alternative, a stay of this matter, pending the outcome of a parallel Foreclosure Action. *Pro se* Plaintiffs Alejandro Vincente Perez and Cathleen Hanenberg Perez ("Plaintiffs") opposed. ECF No. 73.  Magistrate Judge James B. Clark, III issued a Report and Recommendation ("R&R"), recommending that the Motion for Abstention be granted and that the Complaint be dismissed without prejudice pending the outcome of a parallel Foreclosure Action. ECF No. 80 ("R&R"). Plaintiffs subsequently filed objections ("Objections") to Judge Clark's R&R. ECF No. 82 ("Obj.").  Defendant filed a response in opposition to Plaintiffs' Objections (ECF No. 83), Plaintiffs replied (ECF No. 84), and each party submitted supplemental briefs (ECF Nos. 86, 87). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Court adopts Judge Clark's R&R, grants Defendant's

1

Motion for Abstention, and dismisses the Complaint pending the outcome of a parallel state court foreclosure action.

## II. BACKGROUND

### A. Procedural Background

The instant action arises out of a mortgage loan (the "Mortgage") that Defendant provided the Plaintiffs in January 2008, for a property located at 236 Mabel Anne Avenue, Franklin Lakes, New Jersey (the "Subject Property"). *See* ECF No. 1-3 at 7. On May 7, 2010, Plaintiffs filed a petition for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of New Jersey. *See* ECF No. 1-1. Thereafter, Plaintiffs commenced an adversary proceeding against Defendant alleging, *inter alia*, a violation of the Fair Debt Collection Practices Act ("FDCPA") for practices relating to the mortgage loan. *See* id. The adversary proceeding was transferred from Bankruptcy Court to this Court on March 17, 2015. ECF No. 6.

From 2015 to 2017, both parties engaged in extensive motion practice, and Plaintiffs made various amendments to their complaint. The latest Complaint, and the operative pleading herein, is Plaintiffs' Sixth Amended Complaint dated July 21, 2017. Compl. at 1. In the Complaint, Plaintiffs allege that, in July 2009, they entered into a Home Affordable Modification Trial Plan Contract ("HAMP" or "HAMP contract") with Chase. Id. at ¶ 14. Plaintiffs further allege that: (1) they qualified for, and were promised, a permanent HAMP loan modification (id. at ¶¶ 23–24); (2) Chase improperly or fraudulently denied Plaintiffs the modification, and then failed to advise the Plaintiffs that they had been denied (id. at ¶¶ 26, 30); (3) they were not properly credited for sixty-one Mortgage payments that they made from 2009 to 2014 (id. at ¶¶ 27–28, 32–33); and (4) Chase was involved in a corporation-wide scheme to drain payments from Plaintiffs while having no intention of modifying their mortgage loan (id. at ¶ 34). Plaintiffs assert five claims arising under New Jersey state law: (1) violation of the New Jersey Consumer Fraud Act, § 56:8-1 *et seq.*;

(2) fraudulent misrepresentation; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; and (5) promissory estoppel. Id. at 7–15.

### B. Foreclosure Action

On June 27, 2018, Chase commenced an action in the Superior Court of New Jersey, Bergen County, against the Perezes captioned *JPMorgan Chase Bank, National Association v. Cathleen Perez; Alejandro Perez; et al.*, No. F-013398-18, seeking to foreclose its mortgage lien on the Subject Property (the "Foreclosure Action"). ECF No. 64-3. On July 25, 2018, the Perezes filed a motion to dismiss the Foreclosure Action (ECF No. 64-4), which was denied by order dated August 31, 2018 (ECF No. 64-5). On September 17, 2018, the Perezes filed a motion for summary judgment in lieu of answer, which they proceeded to withdraw. ECF No. 64-6.[1] In both their motion to dismiss and motion for summary judgment, while asserting claims under the FDCPA, the Perezes alleged the same facts pleaded in the Complaint—namely, that permanent HAMP modifications and sixty-one payments by the Plaintiffs were not recognized by Chase. *See, e.g.*, ECF No. 64-6 at ¶ 38 (alleging that the "[l]oan documents constituting the official records of [Chase], are replete with inaccuracies, including all 61 missing monthly payments made by [the Perezes] during participation in HAMP Modification programs, monthly subsidy payments made to [Chase] under HAMP Program which should have been credited to [the Perezes'] account and were not, are inaccurate. . .").[2]

---

[1] The Perezes withdrew their motion for summary judgment on October 23, 2018. Withdrawal of Motion, *JPMorgan Chase Bank, N.A. v. Cathleen Perez, et al.*, No. F-013398-18 (Oct. 23, 2018), Dkt. No. CHC2018575701.

[2] The Perezes filed various motions in the Foreclosure Action in addition to those discussed above, including: (1) a motion to dismiss, which was subsequently withdrawn (*JPMorgan Chase*, No. F-013398-18 (Feb. 28, 2019), Dkt. No. CHC201992733); (2) a motion for a more definite statement, which was denied (Miscellaneous Order, *JPMorgan Chase*, No. F-013398-18 (July 26, 2019), Dkt. No. CHC2019305906); and (3) another motion to dismiss, which was denied on August 16, 2019 (Order to Dismiss, *JPMorgan Chase*, No. F-013398-18 (Aug. 16, 2019), Dkt. No. CHC2019337783).

On September 11, 2019, the Perezes filed yet another motion to dismiss in the Foreclosure Action; thereafter, Chase filed a cross-motion for summary judgment, which was heard as a cross-motion to strike the Perezes' answer and a cross-motion to dismiss the Perezes' counterclaims. ECF No. 117-1, Exh. A.  On October 21, 2019, the Chancery Division denied the Perezes' September 11 motion to dismiss and granted Chase's motion to strike the Perezes' answer, defenses and counterclaims (the "State Dismissal Order"). Id.   The following counterclaims were dismissed: (1) violation of the New Jersey Consumer Fraud Act (id. at 9); (2) fraudulent misrepresentation (id. at 10); (3) breach of contract (id. at 11); (4) breach of the implied covenant of good faith and fair dealing (id. at 11); and (5) promissory estoppel (id. at 11).  Id.  Following the State Dismissal Order, Plaintiffs filed a motion for reconsideration, which the Chancery Division denied on January 31, 2020. Id., Exh. B.  Plaintiffs then filed additional motions, including a motion for leave to file an amended answer and defenses, which was denied on May 8, 2020. Id., Exh. C.

### C. The Instant Motion

Amidst these other proceedings and motions, Defendant filed the present Motion for Abstention, arguing that this Court should abstain from proceeding in this matter, pursuant to the *Colorado River* doctrine, to avoid duplicative litigation and contradictory results.  ECF No. 64-1. In opposition to Defendant's motion, Plaintiffs argue that denial is appropriate because Defendant caused piecemeal litigation by filing its Foreclosure Action while the instant case was pending. ECF No. 67.

This Court referred Defendant's motion to Magistrate Judge Clark pursuant to 28 U.S.C. § 636(b)(1)(B).   Judge Clark issued an R&R, recommending that Defendant's Motion for Abstention be granted and that this matter be dismissed without prejudice pending the outcome of the Foreclosure Action. R&R at 8.  Judge Clark found that: (1) the Foreclosure Action is a parallel

proceeding for the purposes of the *Colorado River* analysis; and (2) extraordinary circumstances merit abstention here. Id. at 5–8.

Thereafter, Plaintiffs filed Objections to the R&R, arguing that abstention was not warranted. *See* Obj. at 1–20. Plaintiffs did not dispute Judge Clark's finding that the Foreclosure Action is a parallel proceeding, but contested the finding of exceptional circumstances warranting abstention. Id. Plaintiffs specifically argue that: (1) contrary to the R&R's findings, there has been no progress in the Foreclosure Action (id. at 2–3); (2) the current action was filed before the Foreclosure Action, meaning this Court first obtained jurisdiction (id. at 6–12); (3) Defendant caused piecemeal litigation by filing in state court (id. at 8–9); (4) both state and federal law applies here (id. at 12); and (5) abstention will prejudice their right to "proceed at trial in federal court" (id. at 12–13).

Defendant filed a response to Plaintiffs' Objections, arguing that the Court should adopt the R&R because the *Colorado River* Doctrine requires this Court to abstain in light of the parallel foreclosure action in state court. ECF No. 83. Specifically, Defendant argues that: (1) the state court has jurisdiction over the *res*, which overrides the fact that the federal Complaint was first filed (id. at 9–10); (2) piecemeal litigation can be avoided by abstention (id. at 10–14); (3) contrary to Plaintiffs' assertions, there has been more significant progress in the Foreclosure Action than in this Action (id. at 14–15); (4) state law primarily governs this dispute (id. at 15–16); and (5) the state proceedings are adequate and will not prejudice Plaintiffs' right to trial (id. at 16–18).

Plaintiffs subsequently filed a reply, wherein they contested Judge Clark's finding that this action and the Foreclosure Action are "parallel proceedings" under the *Colorado River* doctrine. ECF No. 84. Because Plaintiffs raised a new argument in their reply, Defendant obtained permission to file a further response. ECF No. 85. In its supplemental response, Defendant argued

5

that the actions were parallel because they both arise out of the Mortgage, involve identical parties, and raise nearly identical allegations and issues. ECF No. 86. Plaintiffs further replied. ECF No. 87.

### III. LEGAL STANDARD

#### A. Standard of Review

When a Magistrate Judge addresses motions that are considered dispositive, the Magistrate Judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). "Within 14 days . . . , a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); L. Civ. R. 72.1(c)(2). The district court must make a *de novo* determination of those portions of the Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). The district court may then "accept, reject or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3). A Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. *United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

#### B. *Colorado River* Doctrine

The *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976). While federal district courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," in "exceptional circumstances" a federal court may abstain and defer to pending state court proceedings for reasons of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 813–17.

6

Whether abstention is appropriate is a two-part inquiry. The initial question is whether there is a parallel state proceeding that raises "substantially identical claims [and] nearly identical allegations and issues." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton. Inc.*, 571 F.3d 299, 307 (3d Cir. 2009) (internal citation omitted). After deciding this threshold question in the affirmative, courts next consider six factors to determine whether "exceptional circumstances" merit abstention: "(1) which court first assumed jurisdiction over a relevant *res*, if any; (2) whether the federal court is inconvenient; (3) whether abstention would aid in avoiding piecemeal litigation; (4) which court first obtained jurisdiction; (5) whether federal or state law applies; and (6) whether the state action is sufficient to protect the federal plaintiff's rights." *St. Clair v. Wertzberger*, 637 F. Supp. 2d 251, 255 (D.N.J. 2009) (citing *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 890 (3d Cir. 1997)). "No one factor is determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818–19.

IV. **DISCUSSION**

The Court agrees with Judge Clark and finds that Defendant's Motion for Abstention should be granted pursuant to *Colorado River* because: (a) this Action and the Foreclosure Action are parallel proceedings; and (b) exceptional circumstances merit abstention here. *See* R&R at 5–8; *Peavy v. U.S. Bank Tr., N.A.*, No. 15-6001, 2016 WL 3566965, at *2 (D.N.J. June 30, 2016) (noting that this Court has "repeatedly invoked the *Colorado River* doctrine to abstain from hearing what amount to collateral attacks on pending Foreclosure Actions") (citations omitted).

**A. The Proceedings are Parallel**

The Court finds, as Judge Clark did, that "[t]he federal and state proceedings in this case are parallel." R&R at 5. "Generally, cases are parallel so as to justify abstention under *Colorado*

*River* when they involve the same parties and claims." *Trent v. Dial Med. of Fla., Inc.*, 33 F.3d 217, 223 (3d Cir. 1994) *superseded by statute on other grounds as recognized in Nat'l City Mortg. Co. v. Stephen,* 647 F.3d 78, 83 (3d Cir. 2011). The claims need not be identical so long as they are "substantially identical," raising "nearly identical allegations and issues." *Timoney*, 66 F. App'x at 405 (citing *Trent,* 33 F.3d at 223).

Here, both the Foreclosure Action and this Action involve identical parties (Plaintiffs and Defendant) and arise out of the same factual circumstances (the issuance of the Mortgage). Furthermore, both actions raise the same allegations and issues: (1) whether Chase provided a permanent HAMP modification; and (2) whether Chase properly credited Plaintiffs' payments from 2009 to 2014. *See* Compl. at 1–7; ECF Nos. 64-4, 64-6, 117-1, Exh. A. The Plaintiffs themselves, in arguing for dismissal of the Foreclosure Action, asserted that both actions "involve the same issues in controversy." ECF No. 64-4, at 4. Furthermore, all the claims raised by the Perezes in this Action have also been raised in the Foreclosure Action. In fact, the State Dismissal Order rejected each claim raised in the Complaint before this Court: (i) violation of the Consumer Fraud Act (Count One of the Complaint); (ii) fraudulent misrepresentation (Count Two); (iii) breach of contract (Count Three); (iv) breach of the implied covenant of good faith and fair dealing (Count Four); and (v) promissory estoppel (Count Five). *See* Compl. at 7–15; ECF No. 117-1, Exh. A. Thus, the claims at issue are, at a minimum, substantially identical. *See Timoney*, 66 F. App'x at 405 (citing *Trent,* 33 F.3d at 223).

The similarity in parties, factual circumstances, issues, and claims indicates that the two actions are parallel. Therefore, the threshold question under the *Colorado River* doctrine is satisfied.

## B. Exceptional Circumstances Merit Abstention

Proceeding to the six-factor balancing test, the Court finds, as Judge Clark found, that exceptional circumstances weigh in favor of abstention. *See* R&R at 6–8.

The first factor requires consideration of which court first obtained jurisdiction over the property at issue, if any. *St. Clair*, 637 F. Supp. 2d at 255. As noted by Judge Clark, the pending Action before this Court is not an action over property, whereas the Foreclosure Action is; thus, the state court definitively obtained jurisdiction over Plaintiffs' property first. R&R at 7. As cautioned by the Third Circuit Court of Appeals, "the presence of an *in rem* dispute in the state court action weighs in favor of abstention." *BIL Mgmt. Corp. v. New Jersey Econ. Dev. Auth.,* 310 Fed. Appx. 490, 492 (3d Cir. 2008) (citing *Moses H. Cone Memorial Hosp. V. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983)); *see Chambers v. Wells Fargo Bank, N.A.*, 726 Fed. Appx. 886, 888–89 (3d Cir. 2018) (stating that *in rem* dispute favors abstention). Thus, the first factor weighs strongly in favor of abstention.

With regard to the second factor, neither Plaintiffs nor Defendant objected to Judge Clark's finding that "the relative inconvenience factor is largely neutral because the two fora here are equally convenient." R&R at 6 (citing *BIL Mgmt. Corp.,* 310 Fed. Appx. at 492); *see* Obj. at 8; ECF No. 83 at 10. The Court agrees and finds the second factor largely neutral.

Pursuant to the third factor, the court considers whether there is a "strongly articulated *congressional policy* against piecemeal litigation in the specific context of the case under review." *Ryan v. Johnson*, 115 F.3d 193, 198 (3d Cir. 1997); *Peavy v. U.S. Bank Tr., N.A.*, No. 15-6001, 2016 WL 3566965, at *4 (D.N.J. June 30, 2016). The Court finds, like Judge Clark, that Plaintiffs' assertions that Chase caused piecemeal litigation by filing the Foreclosure Action while the instant case was pending are inapposite to this analysis. That said, Chase has not satisfied its burden of identifying a "strongly articulated congressional policy" that suggests federal jurisdiction should

9

yield in this case. *See* R&R at 7. Nevertheless, although Chase has not satisfied the high burden set in *Ryan*, the ruling which Plaintiffs request (*i.e.*, that they were entitled to a permanent HAMP modification, were improperly credited for payments, and thus Chase is not entitled to bring a foreclosure proceeding) would nevertheless derail the state court proceeding. *See Patel*, 2016 WL 356076, at *4. Furthermore, considering all of the Perezes' counterclaims have been dismissed in the Foreclosure Action, a ruling on any of the Plaintiffs' claims in this Action will result in duplicative proceedings and inconsistencies that will "throw into turmoil the parties' rights and obligations over [P]laintiff's home and mortgage, as well as the comity between courts." *St. Clair*, 637 F. Supp. 2d at 255. "In addition, the action 'implicates an important state interest—foreclosure of a property in New Jersey.'" *Sheldrick v. Wells Fargo Bank, N.A.*, No. 15-5332, 2015 WL 5098180, at *4 (D.N.J. Aug. 31, 2015) (quoting *DiPietro v. Landis Title Co.,* No. 11–5110, 2012 WL 2116404, at *4 (D.N.J. June 11, 2012) (internal brackets omitted). Thus, although the third factor may not definitively weigh in favor of abstention, there are other related considerations that do. *See Patel*, 2016 WL 356076, at *4; *Sheldrick*, 2015 WL 5098180, at *4; *St. Clair*, 637 F. Supp. 2d at 255.

For the fourth factor, the Court considers "the order in which jurisdiction was obtained." *Nationwide Mut.*, 571 F.3d at 308 (quoting *Spring City Corp. v. American Bldgs. Co.,* 193 F.3d 165, 171 (3d Cir. 1999)). Although this Action commenced before the Foreclosure Action, the Supreme Court has instructed that the jurisdictional order analysis "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. There has been significant progress in the Foreclosure Action as the Chancery Division: (1) dismissed multiple motions to dismiss filed

by the Perezes (ECF No. 64-5[3]); (2) granted Chase's motion to strike the Perezes' answer, leaving the Foreclosure Action essentially uncontested (ECF No. 117-1, Exh. A); and (3) denied the Perezes' motion for reconsideration and a motion for leave to file an amended answer and defenses (id., Exhs. B, C). Therefore, it appears that resolution in the Foreclosure Action is near, as all that remains is for Chase to apply for final judgment now that the federal moratorium on foreclosures has been lifted. *See* ECF No. 157 (indicating that "[w]ith the expiration of the CARES moratorium . . . Chase is preparing its application for final judgment" in the Foreclosure Action that would conclude state proceedings); *see also* No. F-013398-18, Dkt. No. CHC202253830 (seeking 60 days to file motion for final judgment).

By contrast, the Action pending before this Court is not near resolution, as it is in the Foreclosure Action. Instead, there has been minimal discovery thus far, and although the parties engaged in mediation, it was ultimately unsuccessful, resulting in the denial of a motion to enforce the proposed settlement. *See* ECF Nos. 78 at 2, 88, 103, 108. While additional motions have been filed, such as a motion to withdraw as attorney of record by Plaintiffs' counsel and other miscellaneous motions (some of which in essence seek the same relief as prior motions), the status of this Action is far from the point reached in the Foreclosure Action. *See, e.g.,* ECF Nos. 91, 146, 155. Accordingly, this factor weighs in favor of abstention.

Pursuant to the fifth factor, the Court considers whether federal or state law controls. *See Nationwide Mut.*, 571 F.3d at 308 (quoting *Spring City Corp. v. American Bldgs. Co.,* 193 F.3d 165, 171 (3d Cir. 1999). The court agrees with Judge Clark's finding that only state law applies because all the claims in this Action arise under New Jersey state law, and there are no federal claims. *See* R&R at 8. Thus, the fifth factor also weighs strongly in favor of abstention.

---

[3] *See also* Order to Dismiss, *JPMorgan Chase*, No. F-013398-18 (Aug. 16, 2019), Dkt. No. CHC2019337783.

11

Lastly, the sixth factor counsels the Court to consider "whether the state court will adequately protect the interests of the parties." *Nationwide Mut.*, 571 F.3d at 308 (quoting *Spring City Corp.*, 193 F.3d at 171. As noted by Judge Clark, "[i]t is well known that state courts routinely handle actions regarding property including all claims and defenses asserted in foreclosure actions." R&R at 8. The Chancery Division has addressed multiple motions filed by the Perezes and dismissed them after thoroughly evaluating the Perezes' arguments. *See* ECF Nos. 64-5, 117-1, Exh. A. Once a final judgment is entered in the Foreclosure Action, the Perezes' claims may still be vindicated through the state appellate process; thus, the final factor also weighs in favor of abstention. *See Sheldrick*, 2015 WL 5098180, at *4; *St. Clair,* 637 F. Supp. 2d at 255.

Accordingly, because the Foreclosure Action is parallel to this case and: (1) the state court has jurisdiction over the Subject Property; (2) neither forum is inconvenient for the parties; (3) a ruling by the Court on Plaintiffs' claims could potentially undermine the judgment in the parallel state court proceeding; (4) state law controls all of Plaintiffs' claims; and (5) Plaintiffs' rights have been, and may still be, litigated in the Foreclosure Action, *Colorado River* directs the Court to abstain from exercising jurisdiction. Plaintiffs may refile their claims after the state court action has reached a final resolution, if appropriate.[4]

## V.  CONCLUSION

For the reasons stated above, the Court adopts Judge Clark's R&R (ECF No. 80) and the Motion for Abstention is granted (ECF No. 5). The Complaint (ECF No. 34) is hereby dismissed without prejudice pending the disposition of the Foreclosure Action. An appropriate Order accompanies this Opinion.

---

[4] The Court notes that after the conclusion of the state court proceeding, *res judicata* principles may preclude Plaintiffs' claims. *See Exxon Mobil Corp. v. Saudi Basic Industries, Corp.,* 544 U.S. 280, 292 (2005) ("Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law.")

12

**Dated:** September  26 , 2022

                                                        *s/ Claire C. Cecchi*
                                        **CLAIRE C. CECCHI, U.S.D.J.**